IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SELENE COMMUNICATION TECHNOLOGIES, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 14-342 (SLR) |
| RACKSPACE US, INC., RACKSPACE HOSTING INC. AND JUNGLE DISK, LLC, ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**ALERT LOGIC INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO INTERVENE**

                                                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                                Jack B. Blumenfeld (#1014)
                                                                 Jennifer Ying (#5550)
                                                                 1201 North Market Street
                                                                 P.O. Box 1347
                                                                 Wilmington, DE 19899-1347
                                                                 (302) 658-9200
                                                                 jblumenfeld@mnat.com
                                                                 jying@mnat.com

OF COUNSEL:                           *Attorneys for Intervenor Alert Logic, Inc.*

Jesse J. Jenner
Khue V. Hoang
Todd M. Simpson
Deanne K. Cevasco
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9000

June 16, 2014

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

ARGUMENT.......................................................................................................................2

    A.    Alert Logic May Intervene As A Matter Of Right ................................................2

        1.    Alert Logic's Motion To Intervene Is Timely ...........................................2

        2.    Alert Logic Has A Significant Interest In This Litigation ..........................3

        3.    Alert Logic's Interests May Be Impaired By The Disposition Of This Action .........................................................................................................4

        4.    Rackspace Cannot Adequately Represent Alert Logic's Interests..............5

    B.    In The Alternative, The Court May Exercise Its Discretion To Grant Alert Logic's Request For Permissive Intervention................................................6

CONCLUSION....................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Advanced Dynamic Interfaces, LLC v. Aderas Inc.*,
   2013 WL 6989428 (D. Del. Jan. 11, 2013) ................................................................*passim*

*Deutschman v. Beneficial Corp.*,
   132 F.R.D. 359 (D. Del. 1990) .......................................................................................... 6

*Donaldson v. United States*,
   400 U.S. 517 (1971) .......................................................................................................... 3

*Honeywell Int'l. Inc. v. Audiovox Communications Corp.*,
   2005 WL 2465898 (D. Del. May 18, 2005) ............................................................ 2, 3, 5, 6

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989)......................................................................................... 5

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990)......................................................................................... 4

*Kleissler v. U.S. Forest Serv.*,
   157 F.3d 964 (3d Cir. 1998) ...................................................................................... 2, 3, 5

*Lexington Luminance LLC v. Google, Inc.*,
   2014 WL 172203 (D. Mass. Jan. 16, 2014)...................................................................... 7

*Ricoh Co. Ltd. v. Aeroflex Inc.*,
   279 F. Supp. 2d 554 (D. Del. 2003) ................................................................................. 5

*Select Retrieval LLC v. AmeriMark Direct LLC*,
   2013 WL 3381324 (D. Del. July 3, 2013) ................................................................*passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24........................................................................................................... 1, 2, 6, 8

## INTRODUCTION

Plaintiff Selene Communication Technologies, LLC ("Selene") filed a patent infringement suit against Rackspace US, Inc., Rackspace Hosting, Inc., and Jungle Disk, LLC ("Defendants" or "Rackspace") on March 14, 2014. In its complaint, Selene accuses Rackspace, among other things, of infringing U.S. Patent No. 7,143,444 (the "'444 patent") through its marketing of certain Alert Logic Inc. ("Alert Logic") products. (D.I. 1 at ¶ 40.) Alert Logic moves to intervene in this action to protect both its own interests and those of its customers (including Rackspace). In accordance with Fed. R. Civ. P. 24(c), Alert Logic's proposed Complaint in Intervention is attached as Exhibit A.

## NATURE AND STAGE OF THE PROCEEDINGS

Selene alleges that it is a Delaware company engaged in the business of patent licensing. (D.I. 1 at ¶¶ 1, 18.) Since February 1, 2014, and to date, Selene has filed twenty-two cases in this district. Selene has asserted the '444 patent in 15 of those cases. These 15 cases are still in their initial stages; while a scheduling conference has been set for August 4, 2014 (D.I. 18), no discovery has been conducted.

In its complaint against Rackspace, Selene alleges that Alert Logic's "Threat Management System" and "Log Manager" products infringe the '444 patent. (D.I. at ¶ 40.) Alert Logic designed and developed its Threat Manager product and service as a managed intrusion detection and vulnerability scanning service. Log Manager is also an Alert Logic security product that collects and organizes log data and provides customers with another way to detect potential threats. Rackspace, an Alert Logic customer, offers Alert Logic's Threat Manager and Log Manager products and services to its own customers as a part of its product offering portfolio. After Selene filed its complaint in this action, Rackspace requested indemnification from Alert Logic with respect to Selene's '444 patent infringement claims

directed at Alert Logic's Threat Manager and Log Manager products. Rackspace answered Selene's complaint on May 8, 2014. (D.I. 14.) Discovery has not yet commenced in this case.

## ARGUMENT

Intervention may be sought as a matter of right under Fed. R. Civ. P. 24(a) or by permission of the Court under Rule 24(b). Under the facts of this case, Alert Logic satisfies the requirements of both rules and thus moves to intervene as a matter of right or, in the alternative, by permission of this Court.

### A. Alert Logic May Intervene As A Matter of Right

Alert Logic may intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Under Third Circuit precedent, a party meets the requirements for intervention when it shows 1) the motion to intervene is timely; 2) the intervening party has a sufficient interest in the litigation; 3) there is a threat of impairment of the intervening party's interest by the disposition of the action; and 4) the existing parties in the litigation inadequately represent the intervenor's interests. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *Advanced Dynamic Interfaces, LLC v. Aderas Inc.*, 2013 WL 6989428, *1 (D. Del. Jan. 11, 2013). Alert Logic meets all four requirements.

#### 1. Alert Logic's Motion To Intervene Is Timely

A motion to intervene is considered timely when it is filed before discovery has commenced and before a scheduling conference has been held. *Advanced Dynamic Interfaces, LLC,* 2013 WL 6989428 at *1; *see Honeywell Int'l. Inc. v. Audiovox Communications Corp.*, 2005 WL 2465898, *4 (D. Del. May 18, 2005) (finding motion timely where discovery had not yet begun and only case management issues were being addressed); *Select Retrieval LLC v. AmeriMark Direct LLC*, 2013 WL 3381324, *2 (D. Del. July 3, 2013) (finding motion timely when filed less than four months after Rule 16 conference and two years before the scheduled

trial). Under this formulation, Alert Logic's motion is plainly timely. Selene filed its complaint against Rackspace on March 14, 2014, and Alert Logic filed this motion after receiving notification from Rackspace and performing a reasonable investigation into the matter. No discovery has begun in this case (or in any of the other Selene cases) and no scheduling conference has been held. Thus, intervention by Alert Logic at this stage of the proceedings will not disrupt this case or any of the related cases, and would not be prejudicial to Selene. Indeed, Alert Logic's early intervention in this case will likely streamline the issues with respect to the '444 patent, as discussed further below.

### 2. Alert Logic Has A Significant Interest In This Litigation

To satisfy the second prong of the analysis, a would-be intervenor "must have an interest 'relating to the property or transaction which is the subject of the action' that is 'significantly protectable.'" *Kleissler,* 157 F.3d at 969 (*quoting Donaldson v. United State*s, 400 U.S. 517, 531 (1971)). It has been repeatedly found in this district (and others), that a manufacturer of an accused product at issue in a patent action has a compelling and protectable interest that justifies intervention. *See, e.g.*, *Advanced Dynamic Interfaces, LLC,* 2013 WL 6989428 at *1 (granting Oracle's motion to intervene where it was the designer, developer, and licensor of the accused products at issue); *Honeywell Int'l. Inc.,* 2005 WL 2465898 at *4 (granting Seiko Epson's motion to intervene, finding it had a compelling interest in the litigation as the manufacturer of the product component "at the heart of these cases"); *Select Retrieval LLC*, 2013 WL 3381324 at *2 (granting Adobe's motion to intervene after finding that it had a significant interest based on its duty to indemnify five of its customers in a patent action based on their use of Adobe's technology).

Similarly in this case, Alert Logic has a significant and protectable interest in this litigation because Selene's claims against Rackspace with respect to the '444 patent have put

3

products and technology designed and developed by Alert Logic squarely at issue. (D.I. 1 at ¶ 40 ("Rackspace markets and has marketed a Log Manager product and a Threat Management System, powered by Alert Logic.").) Alert Logic has an interest in protecting itself and its customers (including Rackspace) from Selene's infringement allegations pertaining to Alert Logic's products and services that it designs, develops, and licenses. *Advanced Dynamic Interfaces, LLC,* 2013 WL 6989428 at *1; *see Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (noting that the product manufacturer is the "true defendant" when a customer is sued and that a manufacturer "must protect its customers").

Additionally, Rackspace has requested indemnification from Alert Logic with respect to Selene's '444 patent infringement claims. The fact that Alert Logic has agreed to defend and indemnify Rackspace against the '444 patent allegations "is a fairly strong indicator that its technology is indeed at issue" in this case. *Select Retrieval LLC*, 2013 WL 3381324 at *2; *Advanced Dynamic Interfaces, LLC,* 2013 WL 6989428 at *1 (finding that indemnification requests in connection with an action give a would-be intervenor "a direct and/or near-term economic interest in the litigation"). Accordingly, Alert Logic satisfies the second prong of the analysis.

### 3. Alert Logic's Interests May Be Impaired By The Disposition Of This Action

Because of the significant threat to its interests brought about by this litigation, Alert Logic cannot fully defend itself unless it is allowed to intervene and directly participate in this action. Any judgment pertaining to Rackspace and the '444 patent would not only affect Alert Logic's legal and financial interests with respect to this case and its indemnification obligations to Rackspace, but would potentially have ramifications for all Alert Logic customers currently using Threat Management and Log Manager products and services. Thus, courts in this district

4

have repeatedly recognized that where a manufacturer's product is at issue in a case, the disposition of the case necessarily has legal and/or economic impacts on the manufacturer's protectable interest. *Advanced Dynamic Interfaces, LLC,* 2013 WL 6989428 at *1; *Select Retrieval LLC*, 2013 WL 3381324 at *2; *Honeywell Int'l. Inc.,* 2005 WL 2465898 at *4. Accordingly, Alert Logic satisfies the third requirement for intervention.

### 4. Rackspace Cannot Adequately Represent Alert Logic's Interests

Lastly, for the fourth requirement, an intervenor need only show that the existing parties *may* inadequately represent the intervening party's interests. *See Kleissler*, 157 F.3d at 974. Further, it is presumed that a manufacturer has a greater interest in defending against a patent infringement action than its customers. *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) ("The customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possible abuse."). Indeed, it has been noted that suing the customers of a manufacturer is a tactic sometimes used by patentees to gain a settlement advantage over smaller customers using another's product while excluding the real party-in-interest from the litigation. *See Ricoh Co. Ltd. v. Aeroflex Inc.*, 279 F. Supp. 2d 554, 557 (D. Del. 2003). Consequently, manufacturers are found to be uniquely situated to defend their own products in patent infringement actions because they are in possession of the most relevant documents, possess unsurpassed knowledge and expertise pertaining to the accused products, and may be able to present a defense that a customer defendant could not. *Advanced Dynamic Interfaces, LLC,* 2013 WL 6989428 at *1. As the designer, developer, and licensor (and thus the real party-in-interest) of the products at issue with respect to Selene's '444 patent infringement allegations against Rackspace, Alert Logic satisfies the fourth requirement for intervention as a matter of right.

**B. In The Alternative, The Court May Exercise Its Discretion To Grant Alert Logic's Request For Permissive Intervention**

In the event the Court finds that Alert Logic does not meet the requirements to intervene as a matter of right, Alert Logic moves, in the alternative, for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B). Under Rule 24(b)(1)(B), a party may intervene permissively when 1) the application is timely and 2) the intervenor's claim shares a common question of law or fact with the main action. *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 381-382 (D. Del. 1990). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

First, as explained above, Alert Logic's application is timely because the case is still in the initial stages; discovery has not yet begun and no scheduling conference has yet taken place. *See, e.g.*, *Advanced Dynamic Interfaces, LLC,* 2013 WL 6989428 at *1; *Honeywell Int'l. Inc.*, 2005 WL 2465898 at *4 (finding motion timely where discovery had not yet begun and only case management issues were being addressed); *Select Retrieval LLC,* 2013 WL 3381324 at *2 (finding motion timely when filed less than four months after Rule 16 conference and two years before the scheduled trial).

Second, Alert Logic also satisfies the second requirement for permissive intervention. Because Alert Logic has agreed to indemnify Rackspace with respect to Selene's '444 patent infringement claims directed at Alert Logic's Threat Management and Log Manager products, Alert Logic's claims overlap with those that would be put forth by Rackspace, namely, invalidity and unenforceability of the '444 patent and non-infringement by the Threat Management and Log Manager products. When a manufacturer's product is at issue in a suit and the manufacturer has agreed to indemnify the accused infringer, district courts routinely grant intervention. *See, e.g., Lexington Luminance LLC v. Google, Inc*., 2014 WL 172203, *1 (D. Mass. Jan. 16, 2014)

6

(citing several district court cases where intervention was allowed where the manufacturer of the product at issue agreed to indemnify the accused infringer(s)).

Additionally, and as previously stated, Alert Logic is also uniquely situated in that it possesses superior knowledge of the accused products used by Rackspace as their designer and developer. Intervention by Alert Logic will not unduly prejudice Selene, but may actually serve to streamline the issues with respect to the '444 patent. Accordingly, even if the Court finds that Alert Logic does not meet the requirements for intervention as a matter of right, the Court should exercise its discretion to allow Alert Logic to intervene, so that the real party-in-interest may properly defend both its own interests and its customer's interest in this action.

## CONCLUSION

For the foregoing reasons, Alert Logic respectfully requests that the Court grant its motion to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) or, in the alternative, by permission of the Court under 24(b)(1)(B).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

OF COUNSEL:

Jesse J. Jenner
Khue V. Hoang
Todd M. Simpson
Deanne K. Cevasco
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

*Attorneys for Intervenor Alert Logic, Inc.*

June 16, 2014

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 16, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>Sara E. Bussiere, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Sadaf R. Abdullah, Esquire<br>Gordie D. Puckett, Esquire<br>Alexander E. Gasser, Esquire<br>SKIERMONT PUCKETT LLP<br>2200 Ross Avenue, Suite 4800W<br>Dallas, TX 75201<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Kenneth L. Dorsney, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>*Attorneys for Rackspace US, Inc., Rackspace Hosting, Inc. and Jungle Disk LLC* | *VIA ELECTRONIC MAIL* |
| Paul V. Storm, Esquire<br>Sarah M. Paxson, Esquire<br>GARDERE WYNNE SEWELL LLP<br>1601 Elm Street, Suite 3000<br>Dallas, TX 75201<br>*Attorneys for Rackspace US, Inc., Rackspace Hosting, Inc. and Jungle Disk LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)